# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LARRY B. JOHNSON,**
    **Plaintiff,**

  v.                                                                       Case No. 21-C-0254

**PRISONER TRANSPORTATION**
**SERVICES, INC., et al.,**
    **Defendants.**

_____

## DECISION AND ORDER

Plaintiff Larry Johnson commenced this action in the circuit court for Milwaukee County, Wisconsin, seeking compensation for personal injuries. The defendants removed the action to this court, alleging that it falls within the alienage jurisdiction, 28 U.S.C. § 1332(a)(2). Before me now is the plaintiff's motion to remand the case to state court on the ground that the removal was untimely.

## I. BACKGROUND

On March 12, 2020, the plaintiff filed a complaint in the Milwaukee County Circuit Court against Prisoner Transportation Services, Inc., PTS Wisconsin, LLC, US Corrections, LLC, Florida Automobile Joint Underwriting Association, and a fictitiously named insurance company.

The complaint alleges that, in September 2018, the plaintiff was arrested in St. Paul, Minnesota, based on a warrant issued in Colorado. The authorities in Minnesota transferred the plaintiff to the custody of PTS, whose agents loaded the plaintiff into the back of a van for the purpose of driving him to a jail in Colorado. PTS then took the plaintiff on a circuitous route throughout parts of the United States, picking up and dropping off

other prisoners along the way. While the van was making its way through Milwaukee, the driver made an abrupt stop, which caused the plaintiff to be thrown into a heavy metal screen that separated the driver from the passenger area of the van. The plaintiff alleges that he sustained a head injury from the impact. He sues the defendants for negligence and seeks compensation for personal injuries.

By the end of March 2020, the plaintiff had served the state-court summons and complaint on the defendants. Although the complaint alleged that the plaintiff was a citizen of Canada and had a Canadian address, *see* Compl. ¶ 1, the defendants did not remove the case to federal court based on the alienage jurisdiction within 30 days of service. However, on February 9, 2021, the plaintiff served the defendants with responses to their requests for written discovery concerning his immigration status. *See* ECF No. 1-7. On February 25, 2021, the defendants filed a notice of removal of the state-court action to this court and asserted that alienage jurisdiction exists. The defendants contend that the removal is timely because it was filed within 30 days of service of the plaintiff's discovery responses, which, they contend, was an "other paper" from which they could first ascertain that the case fell within the alienage jurisdiction. *See* 28 U.S.C. § 1446(b)(3). Here, the defendants note that although the initial complaint disclosed that the plaintiff was a citizen of Canada, it did not indicate whether he was lawfully admitted for permanent residence in the United States and domiciled in a state of which any of the defendants were citizens. Under § 1332(a)(2), if the plaintiff was a lawful permanent resident and domiciled in one of the states of which the defendants were citizens, then alienage jurisdiction would not exist. Thus, the defendants contend, until they were served

2

with a paper showing that the plaintiff was not a lawful permanent resident of the United States, the 30-day period for filing a notice of removal did not begin to run.

The plaintiff now moves to remand the case to state court. He contends that because the complaint disclosed that he was a citizen of Canada and had a Canadian address, the defendants were required to file a notice of removal within 30 days of service of the summons and complaint.

## II. DISCUSSION

The general removal statute includes two different 30-day time limits for removal. The first applies to cases that are removable based on the initial pleading. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823 (7th Cir. 2013). In such a case, the notice of removal "shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief" or within 30 days of service of the summons "if such initial pleading has then been filed in court and is not required to be served on the defendant." 28 U.S.C. § 1446(b)(1). However,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Id. § 1446(b)(3).[1]

---

[1] In addition to the 30-day time limits, diversity cases must be removed within "1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

"The short removal time limit forces the defendant to make a prompt decision about removal once a pleading or other litigation document provides clear notice that the predicates for removal are present." *Walker*, 727 F.3d at 823. But "the 30-day removal clock is triggered *only* by the defendant's receipt of a pleading or other litigation paper facially revealing that the grounds for removal are present." *Id.* at 823–24. In other words, "[t]he 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present." *Id.* at 824. This is a bright-line rule that "promotes clarity and ease of administration for the courts, discourages evasive or ambiguous statements by plaintiffs in their pleadings and other litigation papers, and reduces guesswork and wasteful protective removals by defendants." *Id.*

In the present case, the plaintiff contends that the 30-day clock began to run when the defendants were served with the complaint, which alleged that the plaintiff was a citizen of Canada and had a Canadian address. According to the plaintiff, the complaint pleaded "every element needed" to show that the case was removable under the alienage jurisdiction. Mot. to Remand at 5. But this is incorrect. The elements of the alienage jurisdiction are: (1) a citizen of a state and a citizen or subject of a foreign state are on opposite sides of the dispute, (2) the citizen or subject of the foreign state is not lawfully admitted for permanent residence in the United States and domiciled in the same state as a defendant, and (3) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(2). The only element that the complaint "affirmatively and unambiguously reveal[ed]," *Walker*, 727 F.3d at 824, was that the plaintiff was a citizen of Canada. It did not negate the possibility that he was a lawful permanent resident

4

of the United States and domiciled in the same state as one of the defendants.[2] This is so even though the complaint provided a Canadian address for the plaintiff. The complaint did not allege that the plaintiff resided at the Canadian address, and even if it had, it would not have completely eliminated the possibility that the plaintiff was both a lawful permanent resident of the United States and domiciled in a state of which one of the defendants was a citizen. A lawful permanent resident of the United States may live outside the United States temporarily. See https://www.uscis.gov/green-card/after-we-grant-your-green-card/maintaining-permanent-residence (last visited April 28, 2021) (stating that temporary absences from the United States do not result in abandonment of lawful permanent residence status). Thus, even if the plaintiff resided in Canada when the complaint was filed, he could have been a lawful permanent resident of the United States. Further, for jurisdictional purposes, residence is not the same thing as domicile. *See, e.g., Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Thus, even if the plaintiff temporarily resided in Canada at the time the complaint was filed, he could have maintained a domicile in a state of which one of the defendants was a citizen.

To be sure, the complaint contained sufficient information to put the defendants on notice that the case was likely removeable. Given the plaintiff's status as a Canadian citizen with a Canadian address, it was highly unlikely that he was also a lawful permanent resident of the United States and domiciled in the same state as one of the defendants. Thus, upon being served with the complaint, the defendants likely could have performed

---

[2] Likewise, the complaint did not allege that the amount in controversy exceeded $75,000. However, the defendants do not contend that they were not served with a paper establishing that the amount in controversy exceeded the jurisdictional threshold until 30 days (or fewer) before they filed the notice of removal.

a cursory investigation to confirm that the plaintiff either was not a lawful permanent resident of the United States or was not domiciled in one of the states of which the defendants were citizens. However, the Seventh Circuit has held that "[t]he moment a case becomes removable and the moment the 30-day removal clock begins to run 'are not two sides of the same coin.'" *Walker*, 727 F.3d at 824 (quoting *Kuxhausen v. BMW Fin. Servs.*, 707 F.3d 1136, 1141 n.3 (9th Cir.2013)). The court emphasized that if the defendant must "consult materials outside the state-court pleadings" to determine whether the case is removable, then the 30-day clock does not begin to run. *Id.* According to the court, "[a]ssessing the timeliness of removal should not involve a fact-intensive inquiry about what the defendant subjectively knew or should have discovered through independent investigation." *Id.* at 825. Here, because the complaint did not "affirmatively and unambiguously reveal" that the plaintiff either was not a lawful permanent resident of the United States or was not domiciled in one of the states of which the defendants were citizens, the defendants would have had to consult materials outside the pleadings to determine that the case was removable. Thus, the 30-day clock did not begin to run when the defendants were served with the complaint. Instead, it began to run when the plaintiff served his responses to the defendants' requests for written discovery concerning his immigration status, which revealed that he was not a lawful permanent resident of the United States.

For these reasons, the plaintiff's motion to remand will be denied. However, I note that a jurisdictional problem remains, namely, that the notice of removal does not properly allege the facts which determine the citizenships of certain defendants. The notice of removal properly alleges the citizenship of Prisoner Transportation Services, Inc., in that

it alleges that the company is incorporated in Tennessee and has its principal place of business in Tennessee. Further, the notice of removal properly alleges the citizenship of Florida Automobile Joint Underwriting Association, in that it alleges that the company is incorporated in Florida and has its principal place of business in Florida.[3] However, the notice of removal incorrectly assumes that the citizenships of the remaining defendants, PTS Wisconsin, LLC, and US Corrections, LLC, are determined by their states of incorporation and principal places of business. This assumption is incorrect because, as LLCs (limited liability companies), their citizenships are determined by the citizenships of their members. *See, e.g., Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Federal courts have an obligation to police their own jurisdiction. *Seer, e.g., Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020). Thus, I must require the defendants to file an amended notice of removal that identifies the members of each LLC and specifies the citizenships of such members. *See* 28 U.S.C. § 1653 (providing that defective jurisdictional allegations may be amended). The defendants are reminded that, if any member of either PTS Wisconsin or US Corrections is itself an LLC, partnership, or other entity whose citizenship is determined by the citizenships of its members, then the defendants must identify the members of those entities, as well, and will have to continue identifying members until no LLCs, partnerships, or similar entities remain. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

---

[3] The notice of removal also correctly notes that the citizenship of the fictitiously named insurance company may be disregarded. *See* 28 U.S.C. § 1441(b)(1).

## III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion to remand is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for a compressed briefing schedule is **DENIED** as **MOOT**.

**FINALLY, IT IS ORDERED** that the defendant shall have 14 days from the date of this order to file an amended notice of removal that identifies the citizenships of the members of the LLC defendants.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2021.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge